[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2006
THOMAS K. KAHN
CLERK

No. 05-15486
Non-Argument Calendar
_____

BIA Nos. A79-478-273 & A79-478-274


HERNAN MONTAGUT CIFUENTES,
MONICA DOMINGUEZ CARVAJAL,
HERNAN DAVID MONTAGUT DOMINGUEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

**(April 19, 2006)**

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Hernan Montagut Cifuentes appeals pro se the order of the Board of Immigration Appeals that adopted and affirmed the decision of the Immigration Judge denying asylum, withholding of removal, and relief under the Convention Against Torture to Montagut, his spouse, and his son.  Because the record does not compel the conclusion that Montagut suffered past persecution or has a well-founded fear of future persecution, we deny his petition.

## I. BACKGROUND

Montagut, his spouse, and his son are citizens of Colombia who were admitted as visitors to the United States on February 25, 2001, with permission to remain until no later than August 24, 2001.  On July 6, 2001, Montagut submitted an application for asylum and withholding of removal for himself and his family.  On September 20, 2001, the Immigration and Naturalization Service served each Montagut with a notice to appear and charged them with removability.  See 8 U.S.C. § 1227(a)(1)(B).  Montagut conceded removability.

In his application for asylum, Montagut alleged he was threatened by members of the National Liberation Army (ELN) for participating in a government program designed to promote the substitution of legal crops for illegal crops.  In the course of promoting the "PLANTE program" in several small towns throughout a region of Colombia, Montagut publically stated that the ELN "brought more poverty and pain than progress to the population."  On June 25,

2

2000, Montagut was stopped in his car by five armed men wearing the insignia of the ELN. One of the men, Alonso, told Montagut that the ELN would "prevent" the PLANTE program from "poison[ing] the conscience of the peasants" and Montagut would be kidnapped or "disappear" if he did not leave the region. In the months following that threat, Montagut made at least two round trips to the United States and eventually tried to restart the PLANTE program in a different area of Colombia. After he received a threatening phone call from "Alonso of the ELN" in February 2001, Montagut left for the United States and took his family with him.

At a removal hearing in July 2004, Montagut testified that, after the ELN first threatened him, Montagut's spouse suffered a nervous breakdown and both she and their son required psychological treatment. Montagut elaborated that, in the threatening phone call to his home in February 2001, "Alonso" told him "that since I had forfeited my commitment, I was now declared a military objective and I should consider myself a dead man." Montagut testified that, after he left Colombia, the ELN called his brother "to remind him that they are waiting for me, to kill me."

On cross-examination, Montagut admitted that neither he nor his family was ever physically harmed, he never reported the armed confrontation with the ELN to the police, and he resumed activities in the PLANTE program despite the psychological harm his son suffered after Montagut was threatened in June 2000.

3

In response to questioning by the IJ, Montagut described threatening phone calls he had received at his places of business in Medellin and Bogota between July 2000 and February 2001. Montagut admitted he left his spouse and son in Colombia when he took two trips to the United States between September and November 2000, even though his spouse and son began receiving psychological treatment in August 2000. Montagut testified he "did not think of coming to stay [in the United States] permanently."

On July 23, 2004, the IJ found that Montagut "has lost a tremendous amount of credibility as to his claimed fear of persecution" because on direct examination "he only testified in the most general terms that he had been threatened." The IJ observed that Montagut failed to take his spouse and son with him to the United States on two trips he made after the threat in June 2000, even though his spouse and son allegedly were receiving psychological treatment. The IJ also observed that Montagut had no thought of staying in the United States even after he was threatened; it was "not logical" that Montagut would resume activities with the PLANTE program after his participation led to the alleged psychological harm of his family; Montagut and his family left and returned to Colombia after he had been threatened; and neither Montagut nor his family had been physically harmed. The IJ concluded that the Montagut family failed to show either past persecution or a well-founded fear of persecution, consequently failed to satisfy the higher burden

of proof for withholding of removal, and failed to show it was more likely than not they would be tortured if returned to Colombia. This petition follows the order of the BIA that affirmed the decision of the IJ and dismissed Montagut's appeal.

## II. STANDARD OF REVIEW

"When the BIA summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final removal order subject to review." Sepulveda v. United States Atty. Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). "The IJ's findings of fact are reviewed under the substantial evidence test, and we 'must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Id. (quoting Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotation marks and citation omitted)). "Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id.; see INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1 (1992); Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

## III. DISCUSSION

An alien seeking asylum must show that he suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see Sepulveda, 401 F.3d at 1230. "[P]ersecution is an extreme

5

concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231 (internal quotations omitted). "'[M]ere harassment does not amount to persecution,'" Gonzalez v. Reno, 212 F.3d 1338, 1355-56 (11th Cir. 2000) (alteration in original) (quoting Bradvica v. INS, 128 F.3d 1009, 1012 (7th Cir. 1997)), and "[n]ot all exceptional treatment is persecution." Id.

Montagut's argument that the record compels the conclusion that he suffered past persecution or has a well-founded fear of future persecution fails. Neither Montagut nor his family was physically harmed. Montagut alleged that some armed men from the ELN once threatened him, but "[n]ot all exceptional treatment is persecution." Id. Although Montagut alleged that his spouse and son suffered psychological harm as a result of the threat, substantial evidence supports the conclusion that Montagut did not seriously regard that harm. Montagut thought it unnecessary to take his spouse and son with him to the United States on two trips he made after the threat in June 2000, and after a vacation in the United States in December 2000, the entire family returned to Colombia. The same evidence, in addition to Montagut's testimony that he had no thought of staying in the United States, contradicts Montagut's claim that he feared future persecution. "An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident,

or when the applicant has returned to the country without incident." <u>Hakeem v.</u> <u>INS</u>, 273 F.3d 812, 816 (9th Cir. 2001) (internal citation omitted).

Because substantial evidence supports the conclusion that Montagut failed to show a well-founded fear of future persecution, we also agree that Montagut failed to satisfy the higher burden of proof for withholding of removal. <u>See</u> <u>Najjar</u>, 257 F.3d at 1292-93. The same rationale likewise undermines Montagut's claim for relief under the Convention Against Torture, <u>see</u> <u>id.</u> at 1303-04, as does Montagut's failure to offer evidence that he would suffer torture "inflicted by or at the instigation of or with the consent or acquiescence of a <u>public official</u> or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1) (emphasis added). The record does not compel a conclusion contrary to that reached by the IJ.

## IV. CONCLUSION

We deny Montagut's petition for review.

**PETITION DENIED.**